WILLIAM PICKERING, plaintiff in error *v.* DANIEL ORANGE, defendant in error.

*Error to Edwards.*

The owner of a dog of a mischievous and ferocious disposition, if he permit it to go at large, knowing that it has done mischief in the destruction of one kind of animals, will be liable for the destruction of other animals by the same dog, though of a different species.

This cause was tried at the March term, 1837, of the Edwards Circuit Court, before the Hon. Justin Harlan and a jury, and a verdict rendered for the defendant.

O. B. FICKLIN, for the plaintiff in error.

E. B. WEBB, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

This was an action on the *case* brought by Pickering, to recover damages for the destruction of a certain number of sheep

and lambs, alleged to have been killed by the dogs of Orange.
The declaration contains three counts. The first alleges that the
dogs were accustomed to hunt, chase, bite, worry, and kill sheep
and lambs, the defendant well knowing their propensities and
habits. The second sets forth the killing of the sheep and lambs;
that the dogs were of a mischievous and ferocious disposition,
and accustomed to bite, hunt, chase, worry, and kill sheep, the
defendant well knowing, &c. The third count is the same, with
the additional allegation, that the dogs were also accustomed to
kill hogs, cattle, and other live stock, in addition to sheep.

Issue was joined on the first and second counts, and a demurrer
interposed to the third. The Circuit Court sustained the demur-
rer to the third count, and gave judgment for costs. On the trial
of the cause, the plaintiff offered to produce evidence that the dogs
of the defendant were of a ferocious and mischievous disposition,
and accustomed to bite and worry men and hogs, which being
objected to by defendant's counsel, was rejected by the Court, to
which decision the plaintiff excepted. The errors assigned are
that the Circuit Court erred in sustaining the demurrer, and in
rejecting the evidence offered. Both errors are well assigned.
The third count is sufficient in every particular. The grounds
of action, in cases of the present kind, are the vicious and dan-
gerous habits and propensities of the animals kept by the owner,
and his negligence in not taking proper care to prevent the com-
mission of injury by them, after a knowledge of their propensities
and habits. This has been assigned in the counts, as well as the
particular acts done; and the count is not vitiated by the aver-
ment that the dogs were accustomed to attack and kill other ani-
mals, than those alleged to have been killed. The evidence of-
fered was competent. It tended to prove the issue, and was
therefore admissible; and it ought to have gone to the jury.
Besides, the ground of the action being the ferocious and mis-
chievous habits of the dogs of the defendant, and his knowledge
thereof, and want of care in not restraining them, but permitting
them to go at large, it was competent for the plaintiff to show
their vicious habits by proof of the attack by them on other ani-
mals than the particular ones named in the declaration. The rule
of evidence on this point is well settled. It has been held that it
may be shown that if the animal had once done mischief in the
destruction of one kind of animals, and the owner permit it to go
at large, he will be held answerable for other injuries afterwards
done by the same animal, though of a different kind from that
before done, if he knew of the commission of the previous in-
jury.(1)

The judgment of the Circuit Court is reversed, with the costs
attendant on the judgment of demurrer in the Circuit Court; and

(1) Ld. Raym. 110; 2 Stark. Ev. 533, and cases there cited.

full costs in this Court ; and the cause remanded with directions
to award a *venire de novo.*
   *Judgment reversed.*